# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 21, 2008

137258

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

LAURA E. TAYLOR,
          Plaintiff-Appellant,

v

DAVID E. TAYLOR,
          Defendant-Appellee.

SC: 137258
COA: 281555
Oakland CC Family Div:
2003-675784-DM

_____/

On order of the Court, the application for leave to appeal the July 29, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

YOUNG, J. (*concurring.*)

I concur in the order denying leave to appeal. According to the record, the "lynch pin" of the trial court's decision to send the minor child to a public school was MCL 722.23(j), which considers the "willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent . . . ."

The record amply supports the trial court's conclusion that the two parents simply "do not communicate," and that the mother's desire to homeschool the child would result in the father being precluded from having any "say or involvement in his child's education." While regrettable, I do not view the stray remarks of the trial court, which appear to reflect a view of homeschooling as less beneficial than a public school, as altering the legitimacy or primacy of the trial court's best interests determination.

TAYLOR, C.J., WEAVER and CORRIGAN, JJ., join the statement of YOUNG, J.

MARKMAN, J. (*dissenting.*)

I respectfully dissent. Instead of denying leave to appeal, I would remand to the trial court for reconsideration of its order resolving the parties' dispute concerning their child's education. The trial court resolved this dispute in favor of the public schooling preferred by the father and in opposition to the homeschooling preferred by the mother. Although I take no position on the merits of the trial court's ultimate decision, I believe that the court erred by at least *appearing* to take improper factors into account in reaching this decision.

In particular, I believe that the trial court erred by *appearing* to substitute its own generally unfavorable attitudes concerning homeschooling for the public policies of this state, which accord no preference for either public schooling or homeschooling. While the trial court is entitled to its own views concerning the respective merits of these educational approaches, it is not entitled to replace the policies of Michigan with such personal views.

Here, the court concluded with regard to the parties' six-year-old daughter's educational prospects that "she doesn't seem to have a problem, I don't believe, in being able to succeed anywhere," but then terminated the daughter's homeschooling, asserting that her interests would be best served by public schooling, in which both parents could be involved. In the course of rendering this decision, the trial court made the following observations:

- Public schools would offer the child a "wider exposure" than she would receive with homeschooling.

- Public schools would offer "much more diversity, many more opportunities with respect to the things that she would be able to do."

- Although the court "appreciate[d] and respect[ed] [the mother's] desire to have a religious-based schooling, we live in a very diverse society and it is not beneficial for children to be raised in a bubble where they do not have exposure to other people's cultures and other people's religion."

- Public schooling would make the child "a more well-rounded person."

Each of these observations may or may not be true, or relevant. However, taken as a whole, they evince an attitude toward homeschooling (and public schooling) that is simply not reflected in the laws and policies of this state. Taken as a whole, these observations suggest a predisposition by the trial court that, everything else being equal,

public schooling is invariably preferable to homeschooling, a predisposition that would presumably also counsel in favor of public schooling in future disputes in which parents disagreed on approaches to their children's education.

Upon remand, I would direct the trial court to resolve the instant dispute in a manner that is not grounded on a predisposition toward either public schooling or homeschooling. I would require the trial court, as it has done with regard to the other statutory factors set forth in MCL 722.23(h), to assess the best interest of this child in terms of her *particular* educational needs. While there conceivably may be circumstances-- pertaining either to the child, her parents, her parents' relationship, or the available schools-- that would counsel in favor of public schooling or homeschooling in the instant case, these need to be set out with specificity and without reference to any predisposition toward either public schooling or home schooling.[1]

---

[1] Although it may be true, as the Court of Appeals suggests, that the trial court's decision on the child's education was "not based on a bias against home schooling," such conclusion entails speculation and conjecture in light of what was actually stated. Similarly, it is conjecture and speculation that these statements constituted mere "stray remarks," as the concurring statement asserts. If the Court of Appeals, and the concurring statement, are correct in these assessments, the trial court, on remand, could make this clear. I am comfortable that this matter can be remanded to the same judge for further consideration.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 21, 2008

p1118

_Corbin R. Davis_
Clerk